Turrey, J.
delivered the opinion of the court.
At the February term, 1843, of the Circuit Court of Knox county, the prisoner, Andrew j. Wright, was put upon his trial on a bill of indictment containing two counts, one of which' charged him with the offence of rape, committed upon the body of Tabitha Webb; the other with the offence of having had carnal knowledge of Tabitha Webb, she being under age of ten years. The jury found him guilty on the first, and not guilty on the second; and sentenced him to ten years imprisonment in the jail and penitentiary of the State; and judgment was given accordingly. And a writ of error is thereupon prosecuted to this court.
We are glad to be freed from the necessity of entering into an investigation of the disgusting details of this offence, as exhibited in the bill of exceptions, as it is not insisted that a new trial ought to be granted upon the facts proven to the jury, but several legal objections are taken to the proceedings on the trial, which it is contended vitiate the verdict, and for which the judgment should be reversed. Werwill examine them as they arise in the argument of the prisoner’s counsel.
1st. The court was asked to compel the Attorney General to elect upon which count of the indictment he would put the prisoner upon trial; which the Judge refused to do. In this it is insisted there is error; because the two offences cannot be legally joined in the same bill of indictment. Is this objection sustainable? We think not. Mr. Chitty in his Treatise upon criminal law, vol. 1st, page 235, says, “In cases of felony, no more than one distinct offence or criminal transaction, at one time, should regularly be charged upon the prisoner in one indict *197 ment; because, if that should be shown to the court before plea, they will quash the indictment, lest it should confound the prisoner in his defence, or prejudice him in his challenges to the jury; and if they do not discover it till afterwards, they may compel the prosecutor to elect on which charge he will proceed. But this is only matter of prudence and discretion, which rest with the judges to exercise. For in point of law, there is no objection to the insertion of severaldistinct felonies of the same degree, though committed at different times, in the same indictment, against the same offender, and it is no ground, either of demurrer or arrest of judgment.”
For which positions are cited, 3 T. R. 105-6; 2d East PI. Cr. 515; 2d Campb. 131; 3d Campb., 132; Burn’s Justice, Indict, 4; 2d Hale, 173; 2d Leach, 1003; 8th East, 41.
These authorities are conclusive upon the question, showing that in point of law there is no objection to the insertion of several distinct felonies of the same degree in one bill of indictment, but that the court will in its discretion upon application, either quash the bill of indictment in such case, or compel the Attorney General to elect upon which count he will proceed; and that such joinder constitutes no ground of demurrer or arrest of judgment, and of course cannot be assigned as an error in a revising court. But it is also to be observed, that the two of-fences charged in this bill of indictment are not distinct and different. The wrong charged in both counts is the same, the person upon whom it was inflicted is the same, and the time of its perpetration the same, and the two counts were necessary to meet an unascertained fact, which, when ascertained, would characterise the offence, viz, the age of the person injured; if she were above the age of ten years, the offence would be rape; if under, the unlawful .carnal knowledge of a female child; for both of which the punishment is the same. The case of The People vs. Rynelers, 12th Cowen, 425, which has been cited as authority, by the prisoner’s counsel, does not controvert these principles, but sustains them. Chief Justice Savage, who delivered the opinion of the court, says; “That there would be an incongruity in incorporating in the same indictment, offences of a different character, such for instance, as forgery and perjury *198 cannot be denied; and that in such case a court would refuse to hear a trial upon both, there can be no doubt. But when offences of the same character, differing only in degree, are united in the same indictment, the prisoner may and ought to be tried upon both charges at the same time. Such is this case. The prisoner is indicted for forging the check, and also for publishing it as true, knowing it to be false. These are different offences, and punished with different degrees of severity, but were properly united, both in the indictment and the trial.”
2d. The second ohjection taken is, that the court erred in forcing the prisoner to challenge jurors, who, upon examination, stated that they had formed opinions relative to his guilt or innocence, upon rumors.
This question has been fully examined in the case of McGowan vs. The State, 9th Yerger, and is there settled against the prisoner; the principle of that decision has been followed ever since by this court, and we see no reason to change it.
3d. It is contended, that the charge of the Judge is erroneous in this, that he said ‘to the jury, “It is no difference if the person abused consented, through fear, or that-she was a common prostitute, or that she assented after the fact, or that she was taken first with her own consent, if she were afterwards forced against her will.” This charge is correct in every particular, and fully sustained by authority.
We have thus examined all the objections taken for the prisoner, and find that none of them vitiate the proceedings in the court below, and we, therefore, affirm the judgment.